UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICO PAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-00458 JMB |
| ) | |
| BRIAN DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Rico Paul, an inmate at Potosi Correctional Center (PCC), for leave to commence this civil action without payment of the required filing fee. [ECF No. 2]. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

### The Complaint

On March 24, 2024, self-represented plaintiff Rico Paul filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff brings his claims against fourteen (14) defendants, including: the Missouri Department of Corrections (MDOC); Brian Davis; Caleb Thompson; Justin Conway; Lt. Unknown Wiable; Daniel Adams; Captain Unknown Meazoe; David Vandergriff; Officer Unknown Rice; Jennifer Currie; Jason Lewis; Rickard Crocker; John/Jane Doe; John/Jane Doe II. Plaintiff sues defendants in their individual capacities.

Plaintiff describes an incident that occurred on or about February 16, 2023, between he and defendant Caleb Thompson. He claims that he entered a battle of words with Thompson as to whether he should be placed into a cell that had allegedly not been properly cleaned. Plaintiff asserts the previous occupant left feces on the ceiling of the cell, and as such, he did not wish to be placed in the cell. He purportedly asked for Haz-Mat to clean the cell, but it was only cleaned "half-way."

When plaintiff insisted he was not going to be celled there, defendants Wiable, Thompson and Rice allegedly became "aggressive and hostile." Plaintiff asserts that he was forced into the cell and sprayed with mace when he resisted. Although plaintiff was removed from the cell within fifteen minutes and placed on a security bench, he claims he had to declare that he was suicidal in order to be removed from the cell. Despite the "dirty cell" not officially being designated as a suicide cell, Captain Meazoe decided to place plaintiff back into the cell he had just come from. Purportedly Meazoe was ordered to do so by Brian Davis and Jennifer Currie.

Approximately three days later, on February 19, 2023, plaintiff claims that he "noticed a strip of sheet inside his meal loaf."[1] Plaintiff states that he attempted to commit suicide by fashioning a noose from this "strip of sheet," and that defendants Thompson and Rice noticed him "placing the noose in the vent." He asserts that defendants laughed, used a racially derogatory term and told him to kill himself. Despite plaintiff's assertions in his complaint, he admits the suicide attempt was stopped, and he taken to medical for assistance.

Plaintiff states that he and Thompson have a history of not getting along, including a prior instance where Thompson purportedly broke his finger during an alleged altercation. *See Rico v. Thompson, et al.,* 4:24-CV-330 MTS (E.D.Mo.). Additionally, plaintiff states that unnamed

---

[1] The Court is somewhat confused by the reference to a "strip of sheet." The Court is unsure if plaintiff is referring to a bedsheet or a piece of paper.

defendants have "falsified documentations," thrown some of his property away, denied him recreation, thrown his meal loaf on the floor to him in his cell, forced him to eat a regular tray instead of packaged food, which he believes could threaten his life,[2] and interfered with his unnamed religion. He claims to have filed numerous motions in the Eighth Circuit Court of Appeals seeking assistance, and he states that multiple defendants have "taken his legal materials." Plaintiff's statements, however, are conclusory and do not specify when these alleged events occurred, except for the events which he asserts occurred in early February of 2023, which are enumerated above.

For relief, plaintiff seeks monetary damages.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed in forma pauperis will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

**A.  Three Strikes Rule**

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

---

[2]Plaintiff claims that he prefers to eat all his food in packages so that persons, whether inmates or MDOC workers, cannot interfere with his food at the prison.

3

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B.  Plaintiff's Previous "Strikes"

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated more than three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Paul v. Muse, et al.,* No. 4:24-CV-00230 SPM (E.D. Mo. 2024); *Paul v. Teddford, et al.,* No. 4:19-CV-1851 DDN (E.D. Mo. 2019); and *Paul v. Smallen*, No. 4:19-CV-2244 HEA (E.D. Mo. 2020).

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed in forma pauperis in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

After carefully reviewing the instant complaint, the Court finds his allegations do not demonstrate he is in imminent danger of serious physical injury. There is no evidence presented within the allegations of the complaint that show that plaintiff is in imminent danger of serious

4

physical injury. Instead, the allegations posited in the complaint detail past harm which occurred in February of 2023. Furthermore, any harm plaintiff asserts could happen to him in the future is too conclusory to allow for a finding that defendants could act with immediate harm.

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 28th day of June, 2024.

                                                HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE